(48 South. 652.)

No. 17,193.

Succession of FRIGALO et ux.

(Jan. 18, 1909. Rehearing Denied March 1, 1909.)

TAXATION (§ 873*)—INHERITANCE TAX—EXEMPTIONS—RELATIONSHIP OF PARTIES.

It being admitted that the adopted children now before the court were not related by blood to the person from whom they inherit, they are neither ascendants nor collaterals, and, as they inherit under the law, they are not strangers to the estate, from which it follows that, if the inheritance falling to them is liable to taxation under Act No. 45, p. 102, of 1904, and Act No. 109, p. 173, of 1906, it must be as an inheritance falling to persons who by law (Rev. Civ. Code, art. 214) are given the status of descendants, and as thus classified it is not liable to the tax, because it is of less value than $10,000.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1689; Dec. Dig. § 873.*]

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Contest by Dauphin and Augustin Frigalo of the right of the State to collect a 5 per cent. inheritance tax upon an inheritance of less than $10,000 falling to them from their adoptive mother, Catherine Frigalo. From the judgment, Thomas Connell, ex officio collector of inheritance taxes, appeals. Affirmed.

Mark Mayo Boatner, for appellant. Kossuth V. Richard, for appellee.

MONROE, J. Dauphin and Augustin Frigalo contest the right of the state to collect a tax of 5 per cent. upon an inheritance of less than $10,000 falling to them from their adoptive mother, Catherine (Christian) Frigalo. Part of the property so inherited consists of real estate, which, though assessed for 1906 and 1907 at $1,300, is valued, for the purposes of the inventory in the succession, at $2,500. It is admitted that the state taxes on said real estate, for the years 1883 to 1892, inclusive, have not been paid, and, on the other hand, that the adoptive father of the contestants acquired the property in 1905, and that all taxes assessed against it since that time have been paid. It is further admitted that the contestants have inherited (together) property, other than the real estate, of the value of $732.70, upon which no taxes have been paid. It is also admitted that the contestants are not related by blood to the person from whom they inherit. Counsel have argued the questions: (1) Are inheritances of less than $10,000, falling to adopted children, liable to an inheritance tax? (2) Can real estate be said to have borne its "just proportion of taxes" when it has heretofore been assessed for less than the amount at which it is appraised in the succession of the late owner? (3) Can real estate be said to have borne its "just proportion of taxes" when it appears that the late owner acquired it in 1905 and paid all the taxes assessed against it thereafter, but that the state taxes for the years 1883 to 1892, inclusive, were not paid by the then owner. The decision of these questions is controlled by the following provisions of law, constitutional and statutory, to wit:

Constitution:

"Art. 235. The Legislature shall have power to levy * * * a tax upon all inheritances, legacies and donations: Provided, no direct inheritance, or donation, to an ascendant or descendant, below $10,000 in amount or value, shall be so taxed; provided, further, that no such tax shall exceed 3 per cent. for direct inheritances and donations to ascendants and descendants, and 10 per cent. for collateral inheritances and donations to collaterals and strangers; provided, bequests to educational, religious, or charitable institutions shall be exempt from this tax.

"Art. 236. The tax provided for in the preceding article shall not be enforced when the property donated or inherited shall have borne its just proportion of taxes, prior to the time of such donation or inheritance."

Revised Civil Code:

"Art. 214. Any person may adopt another as his child, except those illegitimate children whom the law prohibits him from acknowledging, but such adoption shall not interfere with the rights of forced heirs.

"The person adopting must be, at least, forty

years old, and must be, at least, fifteen years older than the person adopted.

"The person adopted shall have all the rights of a legitimate child in the estate of the person adopting him, except as above stated," etc.

Act No. 45, p. 102, of 1904, reads (in part):

"That there is now, and shall hereafter be, levied * * * a tax on all inheritances, legacies and donations, provided no direct inheritance, or donation. to an ascendant or descendant, below $10,000 in amount or value, shall be so taxed; a special inheritance tax, of three per cent., on direct inheritances and donations to ascendants or descendants, and ten per cent. for collateral inheritances and donations to collaterals or strangers, provided bequests to educational, religious or charitable institutions shall be exempt from this tax, and provided, further, that this tax shall not be enforced when the property donated or inherited shall have borne its just proportion of taxes, prior to the time of such donation or inheritance."

The concluding section of this statute repeals "all laws contrary thereto and in conflict with the same."

Act No. 109, p. 173, of 1906, reads (in part) as follows:

"Section 1. * * * That there is now, and shall hereafter be, levied * * * on all inheritances, legacies and other donations mortis causa, to, or in favor of, direct descendants or ascendants of the decedent, a tax of two per centum, and on all such inheritances or dispositions to, or in favor of, collateral relatives of the deceased, or strangers, a tax of five per centum, on the amount of the actual cash value thereof at the time of the death of the decedent.

"Sec. 2. * * * That the said tax shall not be imposed in the following cases:

"(a) On any inheritance, legacy, or other donation mortis causa, to, or in favor of, any ascendant or descendant of the decedent below $10,000 in amount or value.

"(b) On any legacy, or donation mortis causa, to, or in favor of, an educational, religious or charitable institution.

"(c) When the property inherited, bequeathed, or donated shall have borne its just proportion of taxes prior to the time of such donation, bequest or inheritance."

This act does not refer to the act of 1904, and contains no repealing clause, but it purports to cover the whole subject legislated upon, and may, therefore, be regarded as a substitute for the act of 1904.

It will be observed that the language of the Constitution is not mandatory, except in so far as it prohibits the taxing of inheritances falling to ascendants or descendants of less value than $10,000, the taxing of bequests to educational, etc., institutions, the imposition of the inheritance tax upon property which has borne its just proportion of taxes, and the imposition of such tax in excess of 3 per cent. upon inheritances falling to ascendants or descendants, or in excess of 10 per cent. upon inheritances falling to collaterals or strangers. In other words, the matter of the imposition of the tax is left to the discretion of the Legislature, subject to the restrictions imposed in the two articles quoted, and by other provisions of the Constitution relating to uniformity of taxation, etc. The Legislature might, therefore, have imposed no tax on inheritances, and in fact imposed none until 1904, some six years after the adoption of the Constitution, or it might, perhaps, have imposed the tax on one class of inheritances without imposing it upon others. It will also be observed that, in the exercise of the power conferred on it, and to give effect to the two articles of the Constitution here in question, the Legislature has levied a tax upon inheritances falling to four classes of persons, viz., ascendants, descendants, collaterals, and strangers; the exemptions provided by the Constitution (including that of inheritances of less than $10,000 falling to ascendants or descendants) being duly provided for. It is admitted, as we have seen, that the contestants now before the court were not related by blood to the decedent from whom they inherit, so that they are neither ascendants nor collaterals. On the other hand, as they are legal heirs of the decedent, it is clear that they are not strangers to her estate. It follows, therefore, that if the inheritance here in question falls within the operation of the law upon which the state relies it must be as an inheritance falling to persons who by law (Rev. Civ. Code, art. 214) are given the status of descendants.

But, as thus classified, the inheritance is not liable to the tax, because it is of less value than $10,000.

The judge a quo seems to have found that the inheritance was liable to taxation, either as falling to collaterals or strangers, but deducted from the amount which might otherwise have been awarded the proportion attributable to the real estate (which, we assume, was found to have borne its just proportion of taxes), and gave judgment for a balance of the $36.60, with interest. The ex officio collector of inheritance taxes appealed, but the heirs did not appeal, nor did they answer the appeal or pray for an amendment of the judgment. From the view that we have taken the other questions which have been argued are eliminated from this case.

Judgment affirmed.